IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41308
Summary Calendar

_____


CHARLES RAY MOSLEY,

Plaintiff-Appellant,

versus

KENNETH THOMPSON, Captain, Coffield Unit; MICHAEL SIZEMORE,
Assistant Warden, Coffield Unit; CARL DROST, Unit Grievance
Investigator, Coffield Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-401
--------------------
April 26, 2002

Before DUHE', BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charles Ray Mosley, Texas prisoner # 788987, filed a 42

U.S.C. § 1983 complaint alleging that defendant Kenneth Thompson

retaliated against him by transferring him to a different housing

unit after he attempted to informally resolve a grievance

involving his opportunity to shower.  He alleged that the other

defendants failed to investigate this incident and conspired to

deny his grievances.  The district court dismissed the complaint

---

[*]     Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

as frivolous and for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

We affirm on the alternate ground that the facts described by Mosley do not "allege a chronology of events from which retaliation may plausibly be inferred."  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).  Mosley states that Thompson had said that if Mosley wanted to shower he would be transferred to another housing unit; when Mosley continued to request a shower, Thompson ordered the transfer.  Thus, Thompson's actions were consistent with his previously stated decision, and Mosley has not shown a retaliatory motive.

The district court incorrectly relied on 42 U.S.C. § 1997e(b) to dismiss Mosley's other claims.  That section applies only to 42 U.S.C. § 1983 actions filed by the Attorney General.  See 42 U.S.C. §§ 1997e(b), 1997a, 1997c.  Nevertheless, Mosley's allegations do not give rise to a constitutional claim. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (violations of prison regulations, without more, do not give rise to a 42 U.S.C. § 1983 cause of action).  None of Mosley's grievances triggered due process concerns because they did not involve a "significant hardship . . . in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

AFFIRMED.